In Re: Return of the Lawrence County Tax Claim Bureau For Sale of Properties Held in the Year 1977 for Delinquent Taxes. Samuel Daubenspeck, Appellant.

Argued December 6, 1979, before Judges Wilkinson, Jr., Rogers and Blatt, sitting as a panel of three.

*W. C. McKim, Jr.,* of *Morris & McKim,* for appellant.

*Leonard E. Price,* for appellee.

OPINION BY JUDGE WILKINSON, JR., January 21, 1980:

In this appeal from an order of the Court of Common Pleas of Lawrence County declaring a tax sale to be null and void, the question for this Court is whether the Lawrence County Tax Claim Bureau (Bureau) complied with the notice provisions of Section 602 of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602. All relevant facts are admitted.

On October 31, 1977 pursuant to Tax Claim No. 3038, the Bureau sold a 10 acre plot of land in Wayne Township in Lawrence County. The Bureau made a return of all tax sales held on that date, and these sales were confirmed nisi by the court of common pleas. Pursuant to Section 607(b) of the Act, 72 P.S. §5860.607(b), the appellee, the owner of the property in question, filed exceptions to the sale, alleging that proper notice of the tax sale had not been given by the Bureau. The court below affirmed the exceptions and set aside the tax sale. The purchaser of the property at the tax sale appealed to this Court.

If the proper notice required by the Act is not given, the tax sale must be set aside. *See Grace Building Co. v. Chester County Land Corp.*, 19 Pa. Commonwealth Ct. 269, 339 A.2d 161 (1975). Section 602 provides in pertinent part that:

> Prior to any scheduled sale the bureau shall give notice thereof, once a week for three (3) consecutive weeks in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (a) the purposes of such sale, (b) the time of such sale, (c) the place of such sale, (d) the terms of the sale including the approximate upset price, (e) the descriptions of the properties to be sold as stated in the claims entered. ...
>
> . . . .
>
> In addition to such publications, similar notice of the sale shall also be given by the bureau, at least ten (10) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act and by posting on the property.

All three types of notice, namely publication, certified mail, and posting, are required for a valid tax sale; if any is defective, the sale is void. *Aronauer Appeal*, 404 Pa. 654, 171 A.2d 765 (1961).

The issue here of proper notice results from the inaccurate printing of the third required notice as found in one of the two county newspapers of general circulation carrying the notice. When publishing the third notice, the newspaper failed to identify the property in question as being in Wayne Township and in fact identified the land as being located in Washington Township.

The notice of sale of realty for taxes must adequately describe the property. The description "must so identify the premises that the owner, the collector, and the public can determine what property is being . . . sold." *Bolen Real Estate Tax Sale*, 393 Pa. 377, 379,143 A.2d 339, 340 (1958). Here, Judge HENDERSON of the court of common pleas properly concluded that the third notice did not identify the property so that all parties could determine what parcel of land was actually being sold. The act "impose[s] duties . . . on the agencies responsible for sales; and such of those duties as relate to the giving of notice to owners of impending sales of their properties must be strictly complied with." *Clawson Appeal*, 39 Pa. Commonweatlh Ct. 492, 498, 395 A.2d 703, 706 (1979).

Accordingly, we will enter the following

### ORDER

AND Now, January 21, 1980, the order of the Court of Common Pleas of Lawrence County, Civil Division —Law docketed at No. 5 of 1978 M.D., dated December 8, 1978, holding null and void the tax sale held pursuant to Tax Claim No. 3038, is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.