In Re: Sale of Properties by the Tax Claim Bureau of Potter County on September 11, 1978. Levern Erich, Appellant.

In Re: Sale of Properties by the Tax Claim Bureau of Potter County on September 11, 1978. Richard T. McCaigue, Director of the Potter County Tax Claim Bureau, Appellant.

Argued February 5, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Thomas G. Wagner,* for Levern Erich.

*John A. Duvall,* with him *D. Bruce Cahilly,* for Tax Claim Bureau.

OPINION BY JUDGE CRAIG, March 12, 1981:

Levern Erich and the Tax Claim Bureau of Potter County cross-appeal from the order of the Court of Common Pleas of Potter County on Erich's exceptions to real estate sales held by the bureau in September 1978, when Erich was one of the purchasers.

Although the bureau belatedly raises a question as to Erich's standing, that issue need not detain us because he clearly has standing; he has a substantial pecuniary interest in the sales, as to which he has alleged fatal procedural irregularities.

The parties agree that Section 703 of the Real Estate Tax Sale Law[1] governs the challenged sales. Section 703(a) provides that each sale shall be made in the manner provided in Articles III and VI of that law, "except that it shall be a simple public sale with

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.703.

no upset price, and shall divest only the lien of tax claims and tax judgments.'' Subsection (a) also provides that ''[t]he notices to be given of such sale, as required in Article VI, shall state that there is no upset price and that the sale shall divest only the lien of taxes and tax judgments.''

That section disposes of this case, because the notice of sale published by the bureau fulfilled neither of those requirements; on the contrary, that notice actually recited upset prices for the properties involved here, and stated that ''[n]o sale will be made unless the bid is at least equal to the upset price'', in absolute conflict with Section 703.

The bureau's failure to comply with the statutory mandate requires us to set aside the sales to Erich. ''If the proper notice required by the Act is not given, the tax sale must be set aside.'' *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 614, 411 A.2d 837 (1980). The trial court's refusal to do so was an error of law.

Accordingly, we will affirm the trial court's order insofar as it set aside five of the sales to Erich,[2] and will otherwise reverse that order and declare the remaining sales to Erich null and void. However, we will not set aside the entire proceedings of September 1978 because no other parties to those proceedings are presently before us with exceptions.

In view of our disposition of the above issue, we need not and do not reach the other issues raised by the parties.

ORDER

AND Now, March 12, 1981, the order of the Court of Common Pleas of Potter County, dated March 28, 1979, at No. 9 of 1979 is affirmed insofar as it set

---

[2] The court based that action on a different theory than that underlying our decision here.

aside five (5) sales by the Tax Claim Bureau of Potter County to Levern Erich and ordered refund of the monies paid on those sales, and is otherwise reversed; the remaining sales to Levern Erich are hereby declared null and void and said Tax Claim Bureau is ordered to refund the remainder of payments made by Levern Erich, with interest in accordance with said order.