# In the Matter of Erie County Tax Claim Bureau Sale of Seated Lands and/or Mobile Homes for Unpaid Real Estate Taxes

*William G. Sesler,* for Martin and Frankie Baker.
*John W. English,* for James and Emma Trussell.
*Ted G. Miller,* for the Erie County Tax Claim Bureau.

PFADT, *J.,* November 29, 1984—Petitioners Martin C. Baker and Frankie L. Baker, his wife, raised objections and exceptions to the tax sale held on September 12, 1983, by the Erie County Tax Claim Bureau. The upset price was set at $635.47 for delinquent taxes: At the sale, petitioners' 34.505 acres of real property located in Girard Township was sold for $8,700 to James H. and Emma Trussell.

Three grounds are alleged which would invalidate the sale. Petitioners argue that (1) the taxes had been paid; (2) the notice provisions of the Real Estate Tax Sale Law were not complied with; and (3) the Trussells are estopped or barred from purchasing the property because of prior acts designed to conceal or hide the posted notice of sale. The pertinent, uncontested facts are as follows:

On July 8, 1983, an Erie County Tax Claim Bureau notice of tax sale was sent to the Bakers, and the return receipt was signed on July 11, 1983. The notice stated that the sale could be stayed by entering into an agreement to pay the bureau, or if there were any questions, to call the bureau. Two months later, on September 3, 1983, nine days before the sale was scheduled, the Bakers sent a check for $609.52 (the approximate upset price) to the Girard Township tax collector, Edward J. Potter, Jr. Mr. Potter stated that he received the check on the day of the sale, but could not reach the tax claim bureau because it had closed for the day.

The parties disagree over the question of whether the bureau correctly posted notice on the property. However, all agree that the eventual purchasers,

the Trussells, retained possession of the posted notice for at least six of the 10 days prior to the sale.

Petitioners' first point, that the taxes had been paid prior to the sale, assumes that mailing the check to the tax collector is the same as mailing the check to the tax claim bureau, as instructed. In addition, this argument assumes the check arrived within two or three days, and that the tax collector was not diligent in opening his mail. While there may be credence to petitioners' belief that the bureau and the tax collector "are all merely parts of one system of local tax administration." Return of Tax Sale By Indiana County Tax Claim Bureau v. Clawson, 39 Pa. Commw. 492, 395 A.2d 703 (1979), no one may ever predict the speed with which the United States Postal Service delivers a letter. In this case particularly, the check was mailed on the Saturday of the Labor Day weekend. Following the shortened four-day work week, another weekend passed before Mr. Potter says he received the check. We do not question the veracity of the tax collector; rather, we place the risk on petitioners who waited nearly two months, and just nine days before the scheduled sale, before sending their payment for the delinquent taxes. The Pennsylvania Supreme Court has stated:

"Someone must take the risk of mail miscarriage, rare as that may be, and that risk may fairly be placed on the delinquent taxpayer who has the duty of protecting his title against such defaults." Hess v. Westerwick, 366 Pa. 90, 76 A.2d 745, 748 (1950).

Petitioners' second point, that the notice provisions of the Tax Sale Law were not complied with because the property was never posted, is baseless. Albert Verno, employee of the county assessment bureau and working on behalf of the tax claim bureau gave credible testimony that he posted the no-

tice of sale on the property on August 14, 1983. He adequately described the location and type of property (acreage), and recalled the circumstances in pounding the stake into the ground. Several photographic exhibits depicted the stake (minus the notice) almost directly across from the Trussell driveway. Most important, however, was the fact that James Trussell testified that he came into possession of the notice on September 5, 1983, and retained same up to the time of the sale and beyond. Clearly, for Mr. Trussell to possess the notice, it must have been posted at some point and Mr. Verno's records and testimony substantiate the August 14, 1983, posting date.

Finally, we reach the dispositive issue of the case, namely, the effect of the Trussells retaining possession of the posted notice for six of the 10 days prior to the sale. 72 Pa.C.S. §5860.602 requires strict compliance using three types of notice including posting the property before there can be a valid sale. "All three types of notice, namely publication, certified mail, and posting, are required for a valid sale; if *any* is defective the sale is void." In Re Return of Lawrence County Tax Claim Bureau, 48 Pa. Commw. 612, 411 A.2d 837 (1980). (Emphasis added.)

"Posting notice of sale on the property is more than a mere formality." Petitioner's brief, at 19. See Little Appeal, 18 D.&C.3d (1981). There is little utility in having a posting requirement if we allow anyone to remove or retain those notices with impunity. At the very least, anyone finding such a notice should contact the local tax claim bureau. The problem is exacerbated if we allow the eventual purchaser to retain possession of the notice in derogation of the owner's due-process rights and the rights of other potential purchasers.

"Whatever else may be uncertain about the definition of the term 'due process of law,' all authorities agree that it inhibits the taking of one man's property and giving it to another contrary to settled usages and modes of procedure. . . ." Hess v. Westerwick, 366 Pa. 90, 76 A.2d 746, 748 (1950), citing Ochoa v. Hernandez y Morales, 230 U.S. 139, 161, 33 S.Ct. 1033, 1041, 57 L.Ed. 1427 (1912). The statute requires posting a notice of sale on the subject property at least 10 days before the sale. While we accept the testimony of Mr. Verno that the property was, in fact, posted, said posting was defective because of Mr. Trussell's unlawful interference. Consequently, we impose an affirmative duty on the part of the tax claim bureau to make sure that their notices of sale remain posted at least during the 10 days prior to the sale. Furthermore, we must disallow any sale to purchasers who have been shown to have interfered with the notice requirements of 72 Pa.C.S. §5860.603, either innocently or otherwise.

## ORDER

And now, this November 29, 1984, it is hereby ordered, directed and decreed that the tax sale of the Baker property to James H. and Emma Trussell by the Erie County Tax Claim Bureau be set aside and the property reposted for resale subject to the right of the Bakers or their representative to redeem the property prior to resale. All costs to be divided equally between the parties.