In Re: Exceptions to Sale of Property of William A. Molchan and Helen H. Molchan, his wife. William A. Molchan and Helen H. Molchan, Appellants.

Argued November 15, 1985, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

424

[redacted]

*William R. Harper,* for appellants.

*Robert L. Knupp, Graf, Knupp & Andrews, P.C.,* for appellee.

OPINION BY JUDGE MACPHAIL, January 29, 1986:

William A. Molchan and Helen H. Molchan (Appellants) appeal an order of the Court of Common Pleas of the 37th Judicial District, Warren County Branch, which denied Appellants' objections to a tax sale of September 10, 1984. We will reverse the Common Pleas Court.

The necessary findings of fact were made by the Common Pleas Court following an evidentiary hearing. The Appellants bought the subject premises on September 6, 1973. The deed was never recorded. On September 10, 1984, the premises were sold for delinquent 1982 taxes by the Warren County Tax Claim Bureau (Bureau). Appellants filed objections to the sale which alleged that numerous procedural defects had been committed by the Bureau which violated various provisions of Sections 602 and 607 of the Real Estate Tax Sale Law (Law).[1]

Our scope of review in cases dealing with tax sales is limited to determining whether the Common Pleas Court abused its discretion, rendered a decision with lack of supporting evidence or clearly erred as a mat-

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.602 and §5860.607.

ter of law. *Dauphin County Tax Claim Bureau Appeal,* 78 Pa. Commonwealth Ct. 49, 466 A.2d 1112 (1983). We find that the Common Pleas Court's decision denying Appellants' objections must be reversed on two grounds, one which was dealt with by the Common Pleas Court in its opinion and one which was not.

The Common Pleas Court held that Mrs. Molchan was not an "assessed owner" and therefore was not entitled to the notice required by Section 602(e)(2) of the Law. The Common Pleas Court erred in reaching this conclusion.

The Common Pleas Court found, and it is supported by the evidence, that even though the Appellants' deed was never recorded, the tax assessor's office somehow gained knowledge that the owner was William A. Molchan, although it did not find out immediately that Helen H. Molchan was a co-owner. The assessor's office apparently received this information from the Penelec Company, which provided utilities to the premises.

There was undisputed evidence presented that Mrs. Molchan did not receive tax notices during the early years of the Molchans' ownership. She testified, however, that she called the tax office and told them that they had been sending the tax notices to her husband only and that she should be "on the property" as well.[2] She testified that since then she received notices from the tax office. The Appellants presented two documents to support this claim. One is a delinquent tax receipt for 1975 taxes, dated July 8, 1977, from the

---

[2] Mrs. Molchan's testimony was somewhat confused as to what office she told that she was entitled to receive notices. She testified that it was the assessor's office and not the tax collector's office. Regardless of which office received the notice, the Bureau should be charged with knowledge of such information. *See The Merchants National Bank of Allentown v. Chevy Chase Investment Co.,* 40 Pa. Commonwealth Ct. 159, 397 A.2d 836 (1979).

Bureau. The receipt is made out to Helen H. Molchan, although it does note that the property was assessed in the name of William A. Molchan. The other document is a notice of taxes for the year 1983 addressed to "Helen Molchan" with a notation that notice had also been sent to William A. Molchan.

It is also undisputed that the Bureau sent both Appellants a notice of tax sale dated June 11, 1984. Mr. Molchan testified that he did receive the notice by restricted delivery "around the middle of June." The return receipt is dated June 14, 1984, more than thirty days before the scheduled sale. He did sign the return for the delivery. He testified also, however, that he never opened the notice. Mrs. Molchan testified that she never received the notice sent to her and did not know of the notice sent to Mr. Molchan until after the sale. The Bureau did not come forward with a return signed by her. The Bureau sent her no further notices regarding the sale.

The relevant portion of Section 602(e) of the Law provides:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States certified mail, per-

sonal addressee only, return receipt requested, postage prepaid, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

"Owner" is defined in Section 102 of the Law[3] as follows:

'Owner,' the person in whose name the property is last registered, if registered according to law, and in all other cases means any person in open, peaceable and notorious possession of the property, as apparent owner or owners thereof, or the reputed owner or owners thereof, in the neighborhood of such property; ...

The Common Pleas Court relied on the fact that Mrs. Molchan did not take the "proper" steps of recording her deed. The Court ruled that Mrs. Molchan had not "properly" notified the Bureau of her ownership and therefore was not entitled to any notice at all. The inescapable conclusion is, however, that the Bureau did know that Mrs. Molchan was entitled to notices because she actually was sent them. Further, there was testimony that she came to rely on the notices because she, not her husband, took care of the bills.

Notice provisions of a tax sale statute must be strictly construed. *Northrup v. Pennsylvania Game Commission*, 73 Pa. Commonwealth Ct. 389, 458 A.2d

---

[3] 72 P.S. §5860.102.

308 (1983). Further, there must be strict compliance with such notice provisions to guard against deprivation of property without due process of law. *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commonwealth Ct. 30, 438 A.2d 1045 (1982).

In *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), our Supreme Court established that Section 602 of the Law requires separate and individual notice to each named owner of property, regardless of whether that owner holds in common, in joint, or by the entireties.[4] This Court recently dealt with a very instructive factual situation. In *Mangine Appeal,* 87 Pa. Commonwealth Ct. 47, 487 A.2d 45 (1985), the tax claim bureau sent a husband and a wife each a notice informing each that a lot they owned was scheduled to be sold for delinquent taxes. The return receipt card sent to the husband was returned signed by the wife. We held that the tax claim bureau was required by Section 602(e)(2) of the Law to send the husband a second notice at least ten days prior to the sale.

In the case *sub judice,* the Bureau came forward with no evidence that they received a return from Mrs. Molchan for the notice they sent her, nor did they come forth with any evidence they sent her a second notice. The Bureau had the burden of proving compliance with statutory notice provisions. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commonwealth Ct. 216, 435 A.2d 681 (1981). The Bureau clearly did not meet that burden.

Because the Common Pleas Court erred in determining that Mrs. Molchan was not entitled to notice

---

[4] The deed in the case *sub judice* states that the premises were being conveyed to "William A. Molchan and Helen H. Molchan, husband and wife." We assume, therefore, that they own the land as tenants by the entireties. *See Holmes Estate,* 414 Pa. 403, 200 A.2d 745 (1964) ; *Margarite v. Ewald,* 252 Pa. Superior Ct. 244, 381 A.2d 480 (1977).

and because the Bureau did not prove that it fulfilled its statutory obligations, we must reverse the Common Pleas Court order denying Appellants' exceptions.

The second ground for reversing the Common Pleas Court deals with an issue that Court did not discuss. The Appellants averred in their exceptions that the sale was unlawful because the property was never advertised in newspapers and the legal journal as required by Section 602(a) of the Law. There is no evidence on the record that published notice was provided. Again, it was the Bureau's burden to show that such notice was provided. *Casanta.*

Section 602 of the Law clearly calls for three types of notice, namely publication, certified mail and posting. Where any one of those three is missing, the tax sale is void. *Aronauer Appeal,* 404 Pa. 654, 171 A.2d 765 (1961); *Daubenspeck Appeal,* 48 Pa. Commonwealth Ct. 612, 411 A.2d 837 (1980). In the case *sub judice,* the Bureau has failed to show that published notice was given at all or, as we previously noted, that the proper steps were followed under Section 602(e) of the Law in giving notice by certified mail. The Common Pleas Court must be reversed.

### Order

The order entered November 20, 1984, by the Court of Common Pleas of the 37th Judicial District of Pennsylvania, Warren County Branch, denying Appellants' petition to set aside the tax sale of September 10, 1984, for the delinquent taxes of 1982, is reversed. Such sale is held to be null and void for lack of proper notice.