## Lichtenfels v. Wendling

*Aaron Kress,* for Gerald Wendling and Tax Claim Bureau.

*David Holland,* for Venango Land and Farming.

*Peter Cherellia,* for Raymond Lichtenfels et ux.

LOUGHRAN, *J.,* September 30, 1986 — On September 9, 1985, the residential property of plaintiffs was "exposed" by defendant Tax Claim Bureau for public sale at its annual sale at the courthouse in Greensburg for delinquent taxes for the year 1983 and for prior years. The subject property was not sold at the public sale because no bid was made at or exceeding the stated upset price.

On October 8, 1985, defendant Tax Claim Bureau, pursuant to the Real Estate Tax Sale Law, 72 P.S. §5860.613, sold the subject property to defend-

ant Venango Land and Farming at a private sale for a sum in excess of the taxes owed on the property.

In April 1986, plaintiffs filed a complaint challenging the private sale referred to above. It is that complaint which is presently before this court.

## FINDINGS OF FACT

(1) Plaintiffs are Raymond K. Lichtenfels and Karen I. Lichtenfels who currently reside at 2341 Duffey Rd., North Huntingdon, Westmoreland County, Pa., 15642.

(2) Defendants are Westmoreland County Tax Claim Bureau and Venango Land and Farming a Pennsylvania corporation with its office located in North East, Pa.

(3) Prior to November 25, 1985, plaintiffs owned Athe subject property at 2341 Duffey Rd., North Huntingdon Township, Westmoreland County, Pa.

(4) Each plaintiff received notice from the bureau, and each had actual knowledge, that the premises would be sold for delinquent taxes at the public tax sale scheduled for September 9, 1985.

(5) Plaintiff Karen L. Lichtenfels appeared at the bureau's office on July 12, 1985, and issued a check to the bureau in the amount of $1,041.27 as a partial payment of the delinquent taxes.

(6) Plaintiffs closed their checking account on which they had issued the check in the amount of $1,041.27 to the bureau.

(7) Sometime prior to July 12, 1985, the bureau had sent the advertisement of the 1985 public tax sale for publication to the Westmoreland County Law Journal.

(8) The premises were advertised for the September 9, 1985, scheduled public tax sale in the Westmoreland County Law Journal on July 26, 1985.

(9) In reliance on plaintiffs' check in the amount of $1,041.27, the bureau deleted the premises from its list of properties to be sold at the September 9, 1985, public tax sale and *also specifically deleted the premises from the properties to be advertised for sale in the newspaper of general circulation in Westmoreland County.*

(10) By notice dated July 29, 1985, and received by the bureau in early August, 1985, the bureau was notified that plaintiffs' check dated July 12, 1985, in the amount of $1,041.27, was not honored because plaintiffs had closed the checking account on which the check was drawn.

(11) Some time prior to receipt of notice of the dishonored check, the bureau sent the advertisement for the September 9, 1985, public tax sale to the newspapers of general circulation in Westmoreland County; this advertisement did not contain the premises because the bureau had deleted same from the list of properties for sale in reliance on plaintiffs' check.

(12) Upon receipt of the notice that plaintiffs' check had been dishonored, the bureau decided to put the premises back on the list of properties to be sold at the public sale scheduled for September 9, 1985. However, it was too late at this time to advertise the premises for sale at the public sale in the newspaper of general circulation in Westmoreland County.

(13) The premises were listed for sale at the public sale outside the room where the sale was to take place.

(14) The premises were announced for sale at the public sale on September 9, 1985, and bids were solicited, but the premises were not sold at the public sale.

(15) On October 8, 1985, Venango made an offer

to the bureau to purchase the premises for the upset sales price, in the amount of $1,307 at a private sale, and on November 25, 1985, the bureau executed a deed for the premises to Venango.

## DISCUSSION

Plaintiffs Raymond K. Lichtenfels and Karen I. Lichtenfels, his wife, in the instant matter object to the private sale of their real estate located in North Huntingdon, Westmoreland County, Pa., by the Westmoreland County Tax Claim Bureau by private sale to Venango Land and Farming on or about October 8, 1986. The Real Estate Tax Sale Law 72 P.S. §5860.101 et seq. sets forth procedures for a private sale by a county tax claim bureau. Section 613 of the law, 72 P.S. §5806.613(a), provides "At any time after any property has been exposed at public sale and such sale is not sold because no bid was made equal to the upset price . . ." a tax claim bureau has a right to sell the premises at a private sale. In the instant case, the property in question has not been *properly* exposed at a public sale as the notice requirements of the law had not been met. The Westmoreland County Tax Claim Bureau then had no authority to conduct a private sale of the property.

Subsequent to the private sale, plaintiffs objected to the private sale when they discovered the same, claiming that the bureau had (rightfully or wrongfully without a written agreement) orally told plaintiffs that a partial payment was sufficient to stop the sale — hence the delay in plaintiffs' objections.

Plaintiffs tendered a partial payment to the bureau on July 16, 1985, by check which allegedly stopped the sale. The bureau employee pulled the parcel in question from the list of properties sent to

the publisher of the intended sales of properties in reliance on this payment. Unfortunately, when the bureau was made aware that plaintiffs' bank account was closed on July 12, 1985, the bureau placed the property back on its list of properties to be sold at the forthcoming sale. It is unfortunate, because the property was never actually advertised for sale as required by law in two newspapers of general circulation, because the timing was such that it was too late to be included in the list that had been printed. Again, it was unfortunate because apparently all other notice provisions were complied with by the bureau.

The specific legal requirements that the bureau *must* follow in order to properly "expose" a property for public sale are as follows:

"§5860.602. Notice of Sale.

"(a) At least 30 days prior to any scheduled sale the bureau *shall* give notice thereof, not less than once in two newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. . . ." (emphasis added).

Defendants have admitted that notice of sale of the subject property was not provided in two newspapers of general circulation in 1985. If proper notice required by the act is not given, the tax sale must be set aside. All three types of notice, publication, certified mail and posting are required for a valid tax sale and if any are defective, the sale is void. *In re Lawrence County Tax Claim Bureau,* 48 Pa. Commw. 612, 411 A.2d 837, 48 (1980). It is well settled that the notice provisions of the law are to be strictly construed so as to insure against deprivation of property without due process of law. *In re Tax Sale of 1980 Under Real Estate Tax Sale Law of*

*1947,* 78 Pa. Commw. 49, 466 A.2d 1112 (1983). Defendant argues that no due process argument can be made by the plaintiffs since they knew or should have known that their property would be sold for taxes. The courts of Pennsylvania have indicated there are other considerations than notification to the owner which required tax bureaus to follow the mandatory advertising requirements to properly "expose" a property for public sale. See *Hicks appellant v. OCH et al.* 17 Pa. Commw. 190 (1975) at 193-194 where it states:

". . . The court held that the advertisement requirements were quite apart from and in addition to the registered mail notice requirements. Indeed, Justice Ladner stated specifically that the purpose of the advertising was to notify the public in general. Not only does this tend to make the sale "well attended by bidders," but also it informs many people who may be concerned for the welfare of the owners. Such advertising, calling attention to the owners' plight, might prompt their people to take such steps as they may consider appropriate to see to it that the owners' interests are protected. Therefore, since the advertisement requirements of the law admittedly have not been met, the tax sale must fall, and it was appropriate for the court below to enter the order it did, directing the deeds from the Tax Claim Bureau be cancelled upon the payment by appellees to appellant of the amount he paid, plus interest, recording costs, and insurance charges."

See also, *Daubenspeck Appeal,* 48 Pa. Commw. 612, 411 A.2d 837 (1980) at 614, 615, where it states:

"The issue here of proper notice results from the inaccurate printing of the third required notice as found in one of the two county newspapers of general circulation carrying the notice. When publish-

ing the third notice, the newspaper failed to identify the property in question as being in Wayne Township and in fact identified the land as being located in Washington Township.

The notice of sale of realty for taxes must adequately describe the property. The description 'must identify the premises so that the owner, the collector, and the public can determine what property is being . . . sold.' " *Bolden Real Estate Tax Sale,* 393 Pa. 377, 379, 143 A.2d 339, 340 (1958).

Here, the bureau official who discovered plaintiffs' check was worthless, when notified plaintiffs' account was closed, should not have simply put the parcel back on the list of properties for sale in September of 1985. The property could not be advertised in two newspaper as required by law because of timing with the printers. This parcel should have been listed for the next sale when the bureau would have time to prepare a list which included this parcel for proper advertisement. Under these circumstances, the parcel was admittedly not advertised for sale and hence not "exposed" for public sale in accordance with the mandatory legal requirements. Further, if the public sale was faulty the private sale must fail. The legal requirements that — "at any time after a property has been exposed at public sale . . . the bureau has a right to sell the premises at a private sale" — has not been met. Here the term ".exposed" impliedly means of course that before a private sale can be held the bureau *must* properly expose the parcel at a public sale. The word "expose" would necessarily include two advertisements in newspapers. Hence the public sale must then also be faulty.

Parenthetically it seems a shame to reward the plaintiffs who caused this problem at the onset by issuing a worthless check to the bureau, but to rule

otherwise would be a compounding of the problem.

Therefore, the Westmoreland County Tax Claim Bureau not properly complying with all the provisions of the Real Estate Tax Sale Law regarding public or private sales, the sale by the Westmoreland County Tax Claim Bureau of property of plaintiffs, Raymond K. Lichtenfels and Karen I. Lichtenfels, known and designated as map no. 54-11-13-0-014-01 to Venango Land and Farming, should be voided.

## CONCLUSION OF LAW

(1) Plaintiffs' property was never properly exposed for sale in a public sale in that the notice requirements of the Real Estate Tax Sale Law had not been met.

(2) The Westmoreland County Tax Claim Bureau improperly conducted a private sale of plaintiffs' property to Venango Land and Farming on or about October 8, 1985.

(3) The deed of the Westmoreland County Tax Claim Bureau to Venango Land and Farming conveying the Lichtenfels property designated as map no. 54-11-13-0-014-01 is voided.

## ORDER

And now, this September 30, 1986, after hearing in the within matter:

It is hereby ordered, adjudged and decreed that the Westmoreland County Tax Claim Bureau is directed to void the deed from the Westmoreland County Tax Bureau to Venango Land and Farming which purportedly conveyed the parcel owned by Raymond K. Lichtenfels and Karen I. Lichtenfels, his wife, designated as map no. 54-11-13-0-014-0, upon the payment by plaintiffs by certified check to

defendant, Venango Land and Farming, the amount they owed at the private sale of $1,307 plus interest and all recording costs within 30 days from the date of this order.