550 A.2d 601

Financial Management Professional Corporation v. Tax Claim Bureau of Monroe County and Robert E. Plank. Robert E. Plank, Appellant.

206

Submitted on briefs September 16, 1988, to Judges COLINS and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*David A. Martino, Zito, Martino and Karasek,* for appellant.

*James P. Gregor,* for Tax Claim Bureau of Monroe County.

*Mark S. Love, Miller and Love,* for appellee.

OPINION BY JUDGE COLINS, November 18, 1988:

Robert E. Plank (appellant) appeals an order of the Monroe County Court of Common Pleas (trial court) which overturned a tax upset sale of certain unimproved real property. Appellant purchased this property on September 9, 1985 at a tax sale held pursuant to the Real Estate Tax Sale Law[1] (Tax Law). We affirm.

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §§5860.101-5860.705.

The relevant facts are as follows. The property in dispute, designated for tax purposes as 1-15-1-84, is an unimproved parcel of land located in Barret Township, Monroe County, Pennsylvania. Prior to the tax sale, the property's registered owner was Financial Management Professional Corporation (FMPC), a Delaware corporation which maintained its place of business at 402 Barker Circle, Suite 5, West Chester, Pennsylvania. The property was sold by the Monroe County Tax Bureau (Bureau) as a result of FMPC's nonpayment of 1983 and 1984 taxes.

FMPC purchased the property in dispute on November 29, 1983 and a deed was duly filed. The signature of one Kathleen Clark (Clark) appears on the deed three times; as a witness to the transfer, as a notary public and also to certify FMPC's address.[2]

In November, 1984, the Bureau attempted to notify FMPC of its 1983 tax delinquency. A notification letter was addressed to FMPC at 402 Barker Circle, Suite 5, West Chester, Pennsylvania. For some reason, this letter was returned unclaimed. Thereafter, on July 15, 1985, the Bureau mailed notice of the pending tax sale by certified mail to FMPC *in care of Clark*. This notice was received and signed for by Clark at an address located in Wilmington, Delaware.

Since no action was taken on behalf of FMPC to pay the taxes or to stay the sale, the Barret Township property was sold by the Bureau to appellant on September 9, 1985. Subsequently, the Bureau attempted to send the requisite post sale notice to FMPC by sending notice by certified mail to FMPC *in care of Clark* to a Serville Circle, Wilmington, Delaware address, as well

---

[2] After Clark's signature certifying FMPC's address, the word "[a]ttorney" on the signature line is crossed out so as to indicate that Clark is not FMPC's attorney.

as to the Barker Circle, West Chester, Pennsylvania address. Both notices were returned unclaimed. In late September, 1985, FMPC attempted to pay its 1984 taxes. This payment was returned to FMPC, along with a note from the Bureau informing FMPC that its property had been sold. On March 4, 1986, FMPC filed a petition to open claim absolute and set aside tax sale. Following a hearing, the trial court set aside the sale. This appeal followed.

In tax sale cases, our scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of law. *Chester County Tax Claim Bureau v. Griffith*, 113 Pa. Commonwealth Ct. 105, 536 A.2d 503 (1988).

In the instant matter, appellant argues that the trial court erred in finding that the Bureau failed to properly notify FMPC of the sale. Appellant asserts that the Bureau substantially complied with the notice provisions of the Tax Law and, therefore, the trial court erred in overturning the tax sale. We disagree.

We begin by noting that in a tax sale case the Bureau has the burden of proving compliance with the statutory notice provisions of the Tax Law. *Molchan Appeal*, 94 Pa. Commonwealth Ct. 423, 503 A.2d 1051 (1986). In addition, "[a]ll three types of notice, namely publication, certified mail, and posting, are required for a valid tax sale; if any is defective, the sale is void."[3] *Daubenspeck Appeal*, 48 Pa. Commonwealth Ct. 612, 614, 411 A.2d 837, 838 (1980).

The Bureau, in its attempt to show compliance with the notice provision of the Tax Law, argues that it sent proper notice to FMPC as required by Section 602(e)(1)

---

[3] Neither the propriety of the Bureau's posted notices nor the publication of the published notices are disputed in this matter.

of the Tax Law, 72 P.S. §5860.602(e)(1), to the address certified on the deed. When these notices were returned unclaimed, the Bureau obtained an address for Clark in Wilmington, Delaware[4] and sent subsequent notices to this address, in addition to the certified address. The Bureau argues that the Delaware address was FMPC's registered office and therefore, mailing notices to this address was proper.

The trial court found, and we agree, that FMPC maintained a registered office in Wilmington, Delaware. However, that office is located on Market Street, not on Serville Circle. Moreover, the trial court found credible, the testimony of Jennifer Guftavson, the Vice President of FMPC, that Clark was never an employee nor an agent of the corporation. Consequently, any notices which Clark might have received in no way notified FMPC of the impending tax sale.

Accordingly, the Bureau has failed to meet its burden of establishing compliance with the notice requirements of the Tax Law. The record is devoid of evidence that FMPC ever received proper notice of the tax sale. The Delaware address to which the Bureau mailed notice was that of Clark's and not that of the corporation. Further, any notices sent to the West Chester address were apparently returned because these notices were mailed in care of Clark. It would not have been unrea-

---

[4] A Bureau employee, Flora Rogalinski, testified that the Bureau obtained Clark's address when it conducted a search for a person within FMPC able to sign for the corporation's registered mail. Thus, the Bureau telephoned FMPC and asked where Clark could be located. As a result of this conversation, the Bureau was given Clark's One Serville Circle, Wilmington, Delaware address. Notes of Testimony (N.T.) p. 21. Rogalinski testified "we had the name of Kathleen Clark signing as agent somewhere through the years . . . [w]e called to find out where she was so we could mail it [the notice] to her." N.T. p. 21.

sonable for the Bureau to have phoned FMPC and inquired as to who their registered agent was, particularly when the notices which were sent were returned unclaimed. It would be improper in this instance to deprive FMPC of its property when the Bureau failed to notify an appropriate agent of the corporation concerning the tax sale and also failed in its efforts to properly locate FMPC's registered office in Delaware. A valid tax sale requires strict compliance with the notice provisions of the Tax Law. *Trussell Appeal,* 102 Pa. Commonwealth Ct. 32, 517 A.2d 221 (1986). The tax sale in the instant matter was properly set aside.

For the foregoing reasons, we affirm the order of the trial court which upset the tax sale and opened the claim absolute.

### ORDER

AND NOW, this 18th day of November, 1988, the Order of the Court of Common Pleas of Monroe County in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.