## Schenkel v. Tax Claim Bureau of Carbon County

*Cynthia Ann Dyrda,* for petitioner.
*John G. Cipko,* for respondent.
*Arnold Sousa,* for Lawrence Marra.

LAVELLE, *P.J.,* March 21, 1989—Petitioner, Mary Schenkel, has filed exceptions and objections to the 1987 Tax Claim Bureau sale of her property. Petitioner claims that respondent Tax Claim Bureau did not properly notify her of the tax sale.

Based on the record made at the hearing on December 20, 1988, we make the following

### FINDINGS OF FACT

(1) Petitioner, Mary Schenkel, is the owner of property located in Lower Towamensing Township, Carbon County, Pennsylvania, pursuant to a deed recorded in Carbon County Deed Book 431, page 226 and identified on Carbon County Property Record Card as Parcel no. 18-32-A71-01.

(2) During 1987, petitioner lived in a trailer on the property with Alice Stutz, a companion.

(3) Petitioner failed to pay real estate taxes on the property for the years 1984, 1985, and 1986.

(4) Bureau scheduled the property for tax sale on September 21, 1987 for non-payment of the 1985 taxes.

(5) Notice of the tax sale of the property was advertised in both the Lehighton Times News, a newspaper of "general circulation" in Carbon County, and the Carbon County Law Journal.

(6) The bureau also mailed notification to petitioner, return receipt requested, on two occasions prior to the sale, and delivery was accepted for both on June 3, 1987, and July 31, 1987, respectively.

(7) A note from Homer Green was also mailed on August 24, 1987, advising petitioner, inter alia, of the tax sale scheduled for September 21, 1987.

(8) Bureau offered an "affidavit for posting premises," indicating that the notice was posted on the trailer. However, the affidavit was not signed and was neither dated nor notarized.

(9) The property was sold by the bureau on November 16, 1987, at a tax sale which had been postponed from September 21, 1987, to Lawrence Marra and Debra Fallos, for $4,025.

## DISCUSSION

We begin our analysis of every tax sale case with the polestar legal principle that there must be strict compliance with notice provisions of the Tax Sale Law to guard against the deprivation of property without due process of law. *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commw. 30, 438 A.2d 1045 (1982); *Financial Management Professional Corporation v. Tax Claim Bureau of Monroe County,* 121 Pa. Commw. 205, 550 A.2d 601 (1988). Commonwealth law requires local tax

claim bureaus to give three types of notice: publication, certified mail and posting. 72 P.S. §5860.602. "All three types of notice, namely publication, certified mail and posting, are required for a valid tax sale; if any is defective, the sale is void." *Daubenspeck Appeal,* 48 Pa. Commw. 612, 411 A.2d 837 (1980).

In tax sale cases, the county tax claim bureau has the burden of proving compliance with these statutory notice provisions. *In re Exceptions to Sale of Property of Molchan,* 94 Pa. Commw. 423, 429, 503 A.2d 1051, 1054 (1986). An affidavit of posting establishes the presumption that the person authorized to post the property properly posted the premises. See *Wheatcroft v. Schmid,* 8 Pa. Commw. 1, 301 A.2d 377 (1973).

Homer Green, the director of the bureau, testified that publication of notice of the 1987 Tax Sale appeared in both the Lehighton Times News and the Carbon County Legal Journal, pursuant to section 602 (a) of the Tax Claim Act. We must note at this point that Carbon County does not have a second newspaper of general circulation. In addition, Mr. Green testified, and presented return receipts of certified mail to support his assertions that petitioner was also notified by certified mail of the September 21, 1987 sale of her property in accordance with section 602 (e)(1).

We are satisfied that the bureau fulfilled the notice requirements with regard to publication and mailing.

Mr. Green further testified that he authorized Kenneth Leffler to post the property. Mr. Green also offered an affidavit for posting premises, which he stated was in Mr. Leffler's handwriting.

However, Mr. Green could not recall exactly when Mr. Leffler posted the notice on the property. Mr. Green alluded to the existence of a "master sheet" which Mr. Leffler had in his possession, on which Mr. Leffler lists the date and times for each posting he makes. However, that "master sheet" was neither presented at the hearing nor offered into evidence for our consideration.

In addition, the affidavit that Mr. Green offered shows nothing more than some obscure directions, presumably leading to the property, a tax parcel identification number (18-32-A71.01), and a mark ostensibly indicating that the posting was placed on a trailer. The affidavit does not state a time nor a date when the property was posted. Mr. Green testified that proper office procedures requires the filling in of the date on such affidavits of posting. In addition, there is no indication on the affidavit as to who posted the property, nor is the affidavit notarized.

At the hearing, petitioner and Alice Stutz, a live-in companion of petitioner since July 1983, steadfastly denied that the property had been posted. Miss Stutz stated that she recalled a time in 1984 when the property was posted, but it had not been posted since then. Miss Stutz added that she has resided continually with petitioner, except for a week in 1986.

As stated, the Tax Claim Bureau has the initial burden of proving compliance with the notice provisions of the act. However, when there is evidence that this burden has not been met, a tax sale may be invalidated. *Area Homes Inc. v. Harbucks Inc. and the Equitable Trust Company,* 75 Pa. Commw. 97, 461 A.2d 357 (1983).

In a recent case, the Commonwealth Court has held that despite having been timely served with notice of sale, improperly posting a tax sale notice on the taxpayer's property rendered the sale invalid. See *Chester County Tax Claim Bureau v. Griffith,* 113 Pa. Commw. 105, 536 A.2d 503 (1988).

In *Shui Cheung Chan v. Eli Levine Inc.,* 9 Carbon L. J. 144 (1984), we construed the strict notice provisions with regard to the posting of the premises mandated by the Tax Sale Act. In that case, an official of the Carbon County Tax Claim Bureau could not specifically recall posting the premises in question. Although we found that a "good faith effort" had been made to post the premises, we held that there was not proof of posting and invalidated the sale. Further:

"Levine argues that the posting of the plaintiff's property must be upheld because the law presumed that taxing officials act with regularity. We point out that this presumption of regularity is a prima facie presumption and exists only until the contrary appears (citation omitted) . . . His (bureau official's) testimony, in our view, rebuts any presumption of regularity of the posting procedure." *Levine, supra* at 147.

In our view, the lack of a time and date and signature on the affidavit of posting is a fatal defect in the document and rebuts any presumption that the County Tax officials acted with regularity. Further, Mr. Green's vague testimony with regard to the posting in this case only buttresses this conclusion.

From the evidence adduced at the hearing, there is absolutely no way to ascertain exactly when the property was posted, if at all, for purposes of 72

Pa.C.S. §5860.602(3). As a result, the bureau has not met its burden of proof.

## CONCLUSIONS OF LAW

(1) The court has jurisdiction over the parties and subject matter of these proceedings, and this proceeding is properly before the court.

(2) The Carbon County Tax Claim Bureau, failed to comply with the statutory notice requirements of section 602 of the Real Estate Tax Sale Law in the sale of Parcel no. 18-32-A71.01.

(3) The tax sale of this lot to Lawrence Marra and Debra Fallos is null and void.

Based on the foregoing findings of fact and conclusions of law we enter the following

## ORDER OF COURT

And now, March 21, 1989, the exceptions and objections of Mary Schenkel to the tax sale of the lot identified in the Carbon County Deed Book 431, page 226, be and are hereby sustained. It is hereby ordered and decreed that the tax sale of the aforesaid lot by the Carbon County Tax Claim Bureau is declared null and void and that portion of the decree which confirmed this sale nisi is vacated. The Tax Claim Bureau is directed to refund to Lawrence Marra and Debra Fallos the sum of $4025.

Mary Schenkel is hereby granted a 60-day period to redeem the lot. If all taxes, penalties and costs assessed against the property are not paid within 60 days of the date of this opinion and order, the Carbon County Tax Claim Bureau may proceed forthwith to resell the property in accordance with this opinion and the provisions of the Real Estate Tax Sale Law.

Costs on the Tax Claim Bureau.