Sidney and Rita Kleinberger, Appellants *v.* Tax Claim Bureau of Lehigh County and Lawrence and Francesca Marra, Appellees.

Argued November 19, 1981, before Judges MENCER, ROGERS and CRAIG, sitting as a panel of three.

*Kevin J. Kelleher,* with him *John J. Bartos,* for appellants.

*Susan E. Mensch,* Assistant County Solicitor, for appellee, Tax Claim Bureau of Lehigh County.

*Thomas C. Anewalt,* with him *William E. Doyle,* for appellees, Lawrence and Francesca Marra.

OPINION BY JUDGE CRAIG, January 7, 1982:

Sidney and Rita Kleinberger, husband and wife, appeal an order of the Court of Common Pleas of Lehigh County confirming the upset tax sale of real property they owned as tenants by the entireties. The Real Estate Tax Sale Law[1] governed the sale.

The Kleinbergers took title to the property, located at 2340 Washington Street, Allentown, Lehigh County, in 1957. From 1972 through 1975, $2,505.42 in delinquent taxes accrued on the property. On August 16, 1976, the Lehigh County Tax Claim Bureau (bureau) entered into an agreement with Sidney Kleinberger wherein Mr. Kleinberger agreed to pay the delinquent

---

[1] Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860.101 *et seq.*

taxes in four equal payments. Rita Kleinberger was not a party to this agreement, and Mr. Kleinberger claims that he never discussed it with her.

An installment payment, due on May 16, 1977, was not made. As a result, sometime in 1977, the bureau sent Mr. Kleinberger, by certified mail, a notice of non-payment, followed by notice of upset. Mr. Kleinberger received these notices, but the May, 1977 installment was never paid.

In January, 1978, the bureau, by regular mail, sent a letter addressed only to Sidney Kleinberger, informing him that he was in default and that the property would be listed for tax sale. In February, 1978, the bureau sent a reminder notice addressed to "Sidney Kleinberger, et ux."

On June 7, 1978, the bureau sent, by certified mail, two separate and individual notices of tax sale, one addressed to "Sidney Kleinberger, et ux," the other addressed to Rita Kleinberger. These notices stated that the property would be sold at tax sale on October 3, 1978, unless the delinquent taxes were paid. The notice addressed to "Sidney Kleinberger, et ux" was signed only Mr. Kleinberger and returned. The notice sent to Rita Kleinberger was marked "unclaimed" by the post office and returned without a signature.

On June 30, 1978, the bureau, by certified mail, sent two separate and individual notices of non-payment, one to "Sidney Kleinberger, et ux" and one to Rita Kleinberger. Both these notices were returned by the post office unsigned.

All of the notices sent by the bureau were addressed to the Kleinbergers at the residence they shared at 2342 Washington Street, Allentown, Pennsylvania (Washington Street address). The record is clear that notice was properly published in both names and that notice was properly posted on the property in both names.

Before the sale, two final notices were sent to the Washington Street address, one to "Sidney Kleinberger, et ux" and one to Rita Kleinberger. The Kleinbergers allege that they never received these last notices.

Because the delinquent taxes remained unpaid, the bureau held the tax sale, as scheduled, on October 3, 1978.

The Kleinbergers first contend that the bureau acted improperly when it entered into an agreement with Sidney Kleinberger, alone, for the payment of delinquent taxes and did not deal with or notify Rita Kleinberger.

We find that the bureau did nothing improper by making a payment agreement only with Mr. Kleinberger. This agreement was to stay a previous tax upset sale in 1976. The Tax Sale Law, Section 603, provides for such agreements :[2]

Any owner or lien creditors of the owner may, at the option of the bureau, prior to the date of any first scheduled sale, enter into an agreement, in writing, with the bureau to stay the sale of the property upon the payment of twenty-five per centum (25%) of the amount due on all tax claims . . .

The Tax Sale Law contains no requirement that the bureau notify all owners of a default under a Section 603 payment agreement, apart from the basic notice requirements of Sections 308 and 602.[3]

The Kleinberger's chief contention is that, under the circumstances, the bureau failed to provide Rita Kleinberger with proper notice under Section 602 (their brief does not cite or mention Section 308) and, therefore, the tax sale must be overturned as a viola-

---

[2] 72 P.S. §5860.603.

[3] 72 P.S. §§5860.308, 5860.602.

tion of due process. The Kleinbergers argue that, because the director of the bureau knew that they were experiencing marital difficulties, the bureau should have done more than it did to insure that Rita Kleinberger received actual notice of the tax sale.

Rita Kleinberger testified that she never personally received notice of the impending tax sale. The Kleinbergers testified that Mr. Kleinberger told his wife that he had paid all taxes and that at no time before October 4, 1978, did Mr. Kleinberger ever tell his wife about any unpaid taxes, his payment agreement with the bureau or the impending tax sale. They also claim that at the time the June notices were sent, Rita Kleinberger was in Florida attending to an ill parent and that Mr. Kleinberger did not inform Rita Kleinberger of the proceedings because he was emotionally distraught and not fully aware of the serious nature of the proceedings.

At the time of the tax sale, $1,703.02 in delinquent taxes were assessed against the property. Rita Kleinberger testified that on October 2, 1978, the Kleinbergers had $4,047 in a savings account in Florida and that, had she known of the impending tax sale, she would have paid the delinquent taxes.

The common pleas court found that the bureau gave proper notice of the tax sale as required by Section 602 of the Tax Sale Law. We agree.

In addition to requiring notice to be published and posted, Section 602 requires the bureau to give notice ". . . at least ten (10) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act . . ."[4]

---

[4] There is no dispute that Rita and Sidney Kleinberger were owners of the property as defined in Section 102 of The Tax Sale Law. 72 P.S. §5860.102.

There must be strict compliance with the notice provisions of the Tax Sale Law, to guard against the deprivation of property without due process of law. *Grace Building Co. Inc. v. Chester County Land Corp.*, 19 Pa. Commonwealth Ct. 269, 339 A.2d 161 (1975). In addition, the bureau must use ordinary common-sense business practices in ascertaining the owners and the proper addresses to which required notices are to be sent. *Ross Appeal,* 366 Pa. 100, 76 A.2d 749 (1950).

The bureau, however, has no statutory duty to conduct a search for taxpayers liable for real estate taxes. Where, as here, the bureau did all that was required by law, mailed its notification, properly addressed and in proper form to the last known address of the persons liable for paying the taxes, the sale will be confirmed.[5] *Grace Building Co. v. Clouser,* 5 Pa. Commonwealth Ct. 110, 289 A.2d 525 (1972). Where the bureau has complied with all the notice provisions of Section 602, the fact that notice was not actually received will not defeat the sale.[6] *Shoemaker v. Tax Claim Bureau of Montgomery County,* 27 Pa. Commonwealth Ct. 211, 365 A.2d 1320 (1976).

When owners by the entireties have the same last known address, and the notice to one of the owners is returned unsigned and unclaimed, whether or not any bureau employee may be aware that the owners are experiencing marital difficulties, sending separate and

---

[5] *Teslovich v. Johnson,* 486 Pa. 622, 406 A.2d 1374 (1979), requiring separate notice for each tenant by the entireties, presents no problem here, because the bureau did send separate and individual notices, to Rita and Sidney Kleinberger. (We also note that the Supreme Court made *Teslovich* prospective only; this case arose before the *Teslovich* decision.)

[6] The statute itself provides that "no sale shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section." 72 P.S. §5860.602.

individual notice to both owners at the last known address complies with the requirements of Section 602 and provides due process.

ORDER

Now, January 7, 1982, the order of the Court of Common Pleas of Lehigh County dated October 29, 1980, at No. 78-C-3489, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge PALLADINO.