Area Homes, Inc., Appellant *v.* Harbucks, Inc. and The Equitable Trust Company, Appellees.

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*William E. Benner,* with him *Robert W. Valimont, Power, Bowen & Valimont,* for appellee, Harbucks, Inc.

*Peter S. Thompson,* for appellee, The Equitable Trust Company.

OPINION BY JUDGE DOYLE, June 17, 1983:

This is an appeal by Area Homes, Inc. (Area Homes) of an order of the Court of Common Pleas of Bucks County which denied its motion for summary judgment and granted the motions for summary judgment of Harbucks, Inc. (Harbucks) and The Equitable Trust Company (Equitable). The order sustained Harbucks' exception to a tax sale, made absolute a rule entered on Area Homes and the Bucks County Tax Claim Bureau, and directed Area Homes to reconvey to Harbucks, the real estate sold.

On October 5, 1978, the Tax Claim Bureau of Bucks County conducted a tax sale for non-payment of 1976 real estate taxes on approximately 112 acres located on Route 611 in Nockamixon Township. The property was sold to Area Homes and the sale was confirmed absolutely by the Court on March 29, 1979. A deed from the Tax Claim Bureau (Bureau) was subsequently received and recorded. On May 14, 1979, Area Homes filed an action to quiet title and for possession. On June 15, 1979, Harbucks filed exceptions and objections to the tax sale *nunc pro tunc* alleging *inter alia* that the notice requirements of Sections 602 and 607 of the Real Estate Tax Sale Law (Tax Sale Law)[1] had not been complied with, and that, because of improper notice, Harbucks was unaware of the sale and the need to timely file objections. Harbucks raised the same issues in its Answer in the action to quiet title. On August 14, 1979, Equitable, the holder of a $125,611.11 mortgage on the property, executed on November 3, 1977, intervened and filed exceptions and objections to the tax sale. Motions for summary judgment were filed by each of the parties, resulting in the March 17, 1982 order appealed here.

Section 602 of the Tax Sale Law, 72 P.S. §5860.602 requires the Tax Claim Bureau to give notice of the impending tax sale by publication, posting and certified mail. The section also provides that where the property is that of a corporation, the Bureau shall notify the Department of Revenue. Area Homes concedes that the notice sent to Harbucks last known address was deficient in that it was not sent to "personal addressee only" as required by the Tax Sale

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §5860.602 and §5860.607.

Law and concedes that no notice was given to the Department of Revenue.

We have consistently held that the notice requirements of the Tax Sale Law must be strictly adhered to, *Stephens Appeal*, 53 Pa. Commonwealth Ct. 432, 419 A.2d 206 (1980); *Povlow Appeal*, 48 Pa. Commonwealth Ct. 435, 410 A.2d 376 (1980), and if any notice given is defective under the statute, the tax sale is void. *Daubenspeck Appeal*, 48 Pa. Commonwealth Ct. 612, 411 A.2d 837 (1980); *see also Brown v. Barnes Real Estate Co.*, 44 Pa. Commonwealth Ct. 439, 404 A.2d 437 (1979).

Area Homes argues that because Harbucks is a corporation the "personal addressee only" requirement is inapplicable. The Tax Sale Law requires that notice be given to each owner; "owner" is defined as "[t]he person in whose name the property is last registered," Section 101 of the Tax Sale Law, 72 P.S. 5860.101. "Person" is not defined, but under Section 1991 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1991 "person" includes a corporation as well as a natural person. Area Homes' argument, therefore, has no support in the Tax Sale Law or under applicable rules of construction.

Area Homes further argues that the failure of the notices sent by certified mail to comply with the statute is irrelevant since they were returned by the post office stamped "addressee unknown." The argument is without merit. The Bureau has the initial burden to show that notice was mailed in compliance with the Tax Sale Law; we will not invalidate a tax sale when that burden is met because the addressee did not receive the notice. *See Chester County Tax Claim Bureau Appeal*, 208 Pa. Superior Ct. 384, 222 A.2d 602 (1966).

Area Homes argues finally that the failure to give notice to the Department of Revenue was without detriment because (a) Harbucks was not registered as a foreign corporation doing business in Pennsylvania, and (b) Area Homes has agreed to pay any liability asserted by the Commonwealth. As noted above, however, we do not apply a harmless error test or balance the equities in construing the notice requirements of the Tax Sale Law.

Accordingly, we affirm the order of the court of common pleas.

ORDER

Now, June 17, 1983, the order of the Court of Common Pleas of Bucks County in the above referenced matter, dated March 17, 1982, is hereby affirmed.