**In Re: Consolidated Return of Properties Sold for Delinquent Taxes By Fayette County Tax Claim Bureau**

*Phillip Warman,* for Fayette County Tax Claim Bureau.
*Anne John and Joseph Rygiel,* for taxpayers.

CICCHETTI, *P.J.,* November 15, 1984—This matter is before the court in the nature of a hearing on exceptions to the sale of certain real property of the exceptants, William and Mardjori Roberts. After argument on March 27, 1984, the question to be resolved by this court became whether exceptants were afforded adequate notice of delinquency of taxes on, or sale of, the subject premises.

Initially, we recognize that, in any such proceeding, there must be strict compliance with the notice provisions of the Real Estate Tax Sale Law, 72 P.S. §§5860.101-5960.602, to guard against deprivation of property without due process of law, and that if proper notice is not given, the tax sale must be set aside. Kleinberger v. Tax Claim Bureau of Lehigh County, 64 Pa. Commw. 30, 438 A.2d 1045 (1982). Additionally, the Tax Claim Bureau has the burden of proving compliance with statutory notice provisions. Casanta v. Clearfield County Tax Claim Bureau, 62 Pa. Commw. 216, 435 A.2d 681 (1981).

The applicable statutory provisions are set forth in the Real Estate Tax Sale Law, 72 P.S. §§5860-101-5860-602. Of particular importance are 72 P.S. §5860-308, pertaining to notice of filing of returns and entry of claim, and 72 P.S. §5860-602, regarding notice of sale. For the reasons set forth below,

our review of the evidence as applied to this law leads us to conclude inadequate notice was provided.

It is beyond dispute that the taxpayer-exceptants here never received actual notice of the proceedings. Nevertheless, where the tax bureau has complied with all notice requirements, the fact that notice was not actually received by persons liable for paying delinquent taxes will not defeat the sale. Kleinberger, 64 Pa. Commw. 30, 438 A.2d 1045 (1982). Further, while we acknowledge that the taxpayer has the duty of notifying taxing authorities in the event of a change of address, In Re Tax Sale Held Sept. 9, 1974, 55 Wash. Co. 203 (1974), we take note of the testimony of Nina McLuckey, Director of the Fayette County Tax Claim Bureau, that the bureau at no time inquired of the Post Office as to exceptant Mardjori Roberts' current address. Though the Tax Claim Bureau has no statutory duty to search out and find taxpayers liable for real estate taxes by such methods as following up statutory notice with endless searches in street and telephone directories, Dawson v. Susquehanna County Tax Claim Bureau, 64 Pa. Commw. 106, 438 A.2d 1067 (1982), the Tax Claim Bureau must use ordinary common sense business practices in ascertaining owners and proper addresses to which notices required by the Real Estate Tax Sale Law are to be sent. Kleinberger, 64 Pa. Commw. 30, 438 A.2d 1045 (1982). We regard checking the exceptants' current address with the post office as one such common sense business practice.

Central to our decision, however, is our conclusion that strict adherence to the notice requirements of the Real Estate Tax Sale Law was not made. We direct attention to the fact that, although

notice of return, entry of claim, and notice of sale were provided roughly in accordance with the foregoing statutory provisions, the requisite posting of such notice pursuant to those statutes was defective. In the absence of specific statutory requirements, the method of posting notice of a tax sale must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises. Lapp v. Chester County, 67 Pa. Commw. 86, 445 A.2d 1356 (1982). Previous decisions have clarified the practical application of this principle. Thus, it has been determined that merely handing a copy of the notice of sale to the person residing on the premises, In Re Tax Claim Bureau Upset Sale, 94 Montg. 262 (1972), or placing a notice of sale under a rock on the land to be sold, Otto v. Dauphin County Tax Claim Bureau, 24 D.&C. 3d 709 (1980), does not satisfy the requirements for posting, but that posting of notice of a tax sale by affixing it to a glass door with tape was sufficient compliance. Lapp, 67 Pa. Commw. 86, 445 A.2d 1356 (1982).

It is of considerable significance that the statute requires the language of the posted notice to be conspicuous. 72 P.S. §5860.308(c); 72 P.S. §5860.602(g). As it would be incongruous to suppose that the language within the notice must be conspicuous while the notice itself may be inconspicuous, and as this is inconsistent with the decisions we have cited, we hold that proper notice must be conspicuous, and that the facts of this case do not meet that statutory standard. Where premises clearly exist upon which posted notice may be affixed, it is unreasonable to suppose that attaching such to a stake at a considerable distance therefrom can be adequate notice. Thus, we conclude notice was defective. Accordingly, we enter the following

## ORDER

After hearing and consideration of the foregoing, it is hereby ordered and adjudged that the tax sale of the subject property at Tax Claim no. J.T.-0697 and J.T.-0698 be and is declared null and void.