Terra Properties, II, Appellant *v.* Berks County Tax Claim Bureau and Kelly Pappas (Kalliope Pappas), Appellees.

Argued May 7, 1985, before Judges Craig and Palladino, and Senior Judge Kalish, sitting as a panel of three.

*Daniel L. Sullivan, Shearer, Mette & Woodside,* for appellant.

*Peter F. Cianci, DeLong, Dry, Cianci & Beltzner,* for appellee, Kelly Pappas.

OPINION BY JUDGE PALLADINO, September 25, 1985:

This is an appeal from a decision of the Court of Common Pleas of Berks County (trial court) which confirmed absolutely the tax upset sale in which Appellant's property was conveyed to Respondent Kalliope Pappas. For the reasons set forth below, we reverse the order of the trial court and set aside the tax sale.

Appellant is a partnership conducting business under the fictitious name of Terra Properties, II.[1] Appellant owned property in the Borough of Sinking Spring, Berks County. In July of 1978 Appellant received a Notice of Return and Claim from the Berks County Tax Claim Bureau (Bureau) for non-payment of school taxes for 1977. The notice stated that if the taxes were unpaid as of July 31, 1979 the titled owners would receive a registered letter from the Bureau announcing the date and time the property would be advertised for public sale.

On August 27, 1979, the Bureau sent a Notice of Sale to Appellant, certified mail, which was incorrectly addressed and therefore returned to the Bureau. Because of its inability to deliver the Notice, the Bureau removed Appellant's property from the upset tax sale list for 1979.

In June of 1980, Appellant received another Notice of Return and Claim from the Bureau for failure to pay 1978 County and Municipal Taxes. No mention of the delinquent taxes for 1977 was made in this second notice. On August 25, 1980 the Bureau sent a Notice of Sale to Appellant, care of Site Develop-

---

[1] The two partners comprising Terra Properties, II, are Site Development, Inc. and Campo Construction Company.

ment, Inc., certified mail, return receipt requested. Joanne Stahl, the Office Manager for Site Development, signed the receipt. The notice stated that the sale date was September 8, 1980 and that the approximate upset price was $857.06. The president of Site Development instructed Joanne Stahl to pay all the taxes, so she called the Sinking Spring Borough Tax Collector's office. An unidentified person answered the phone at the tax collector's office and said he would pull the file and get back to her. No further action was taken and the land was sold to Respondent Pappas on September 8, 1980 for the delinquent 1977 taxes.

Appellant filed exceptions and objections to the sale, asserting, *inter alia,* that the Notice of Sale was deficient because it was not sent "Personal Addressee Only", as required by statute. The trial court held that the "Personal Addressee Only" requirement did not apply to business entities, dismissed Appellant's objections and exceptions and confirmed the sale absolutely.

Appellant asserts that the "Personal Addressee Only" requirement applies to partnerships and that the deficient tax sale notice requires us to set aside the sale. We agree. Section 602 of the Real Estate Tax Sale Law (Law)[2] provides in pertinent part:

> (c) In addition to such [published notice], similar notice of the sale shall also be given by the Bureau as follows:
>
> (1) At least thirty (30) days before the date of the sale, by United States certified mail, personal addressee only, return receipt requested, postage prepaid, to each owner as defined by this act.

---

[2] Act of July 7, 1947, P.L. 1368, *as amended* 72 P.S. §5860.602.

The term "owner" is defined by the Law as the person in whose name the property is last registered. 72 P.S. §5860.102. The term "person" is not defined by the Law, but is defined by the Statutory Construction Act to include a corporation, partnership, and association, as well as a natural person. 1 Pa. C.S. §1991. We must conclude, therefore, that a partnership which owns property subject to a tax sale is entitled to receive notice of the sale personally served upon it. See Area Homes, Inc. v. Harbucks, Inc., 75 Pa. Commonwealth Ct. 97, 461 A.2d 357 (1983) (corporation entitled to notice sent "Personal Addressee Only").

This Court has consistently held that the notice requirements of the Real Estate Tax Sale Law must be strictly adhered to. Id. Because the Bureau failed to send notice in the proper form required by the Law, we reverse the trial court and set aside the tax sale of Appellant's property.[3]

ORDER

AND Now, September 25, 1985, the decision of the Court of Common Pleas of Berks County, en banc, in the above-captioned matter, dated August 9, 1984 is reversed. The September 8, 1980 sale of Appellant's property, situate at 300 Penn Avenue, Sinking Spring, Berks County, comprised of 2 acres, 80 perches, more or less, is hereby set aside.

---

[3] We note also that the Notice sent to Appellant by the Bureau was also not timely, in that it was not sent at least thirty days before the tax sale, as required by Section 602.

---

DISSENTING OPINION BY SENIOR JUDGE KALISH:

I dissent, respectfully. Terra Properties, II was composed of two partners, Site Development, Inc. and Campo Construction Company. On August 25, 1980, the Berks County Tax Bureau (Bureau), pursuant to

section 607 of the Real Estate Tax Law (Act), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. §5860-.607, sent a notice to the appellant, Terra Properties, II, care of Site Development, Inc., by certified mail, return receipt requested, of the sale of one of its properties for delinquent taxes for the year 1978. The notice made no mention of a 1977 tax delinquency. The sale was set for September 8, 1980. The president of Site Development, Inc., after receipt of the notice, advised the office manager to pay the tax. The property was sold for the 1977 tax delinquency. The appellant seeks to set aside the sale, contending that the notice, although sent by certified mail, was not sent "personal addressee only." The trial court found for the Bureau. I would affirm the result only.

Section 607(a)(1) of the Act, 72 P.S. §5860.607 (a)(1), provides that in a tax sale, notice of the sale should be by certified mail, personal addressee only, to each owner. In all proceedings of a judicial nature, due process requires notice and when notice in a specific manner is prescribed by statute, that method is exclusive. *Philadelphia v. Miller,* 49 Pa. 440 (1865); *Area Homes, Inc. v. Harbucks,* 75 Pa. Commonwealth Ct. 97, 461 A.2d 357 (1983); *Potter Title & Trust Co. v. Berkshire Life Insurance Co.,* 156 Pa. Superior Ct. 1, 39 A.2d 268 (1944). However, notice is for the benefit of the person who is to receive it. Accordingly, that person may waive or relinquish his or her right to enforce that provision. This may be implied from the circumstances and it is for the fact finder to determine whether a person has waived the right to insist on formal notice. *Eckert v. Pennsylvania Railroad Co.,* 211 Pa. 267, 60 A. 781 (1905). To constitute such a waiver, the fact finder must determine whether the circumstances put the party on

inquiry and whether, by the exercise of ordinary intelligence and understanding, the party would be led to the knowledge of the facts of immediate concern. *Hottenstein v. Lerch,* 104 Pa. 454 (1882); *GAF Corp. v. Amchem Products, Inc.,* 399 F. Supp. 647 (E.D. Pa. 1975), *rev'd on other grounds,* 570 F.2d 457 (3d Cir. 1978).

A partner is considered a person under the Statutory Construction Act. 1 Pa. C.S. §1991. Furthermore, under Civil Procedure Rule 2131(a), service upon any partner or other person for the time being in charge of any regular place of business is both service on the partnership and upon every person named in the record. Pa. R.C.P. No. 2131(a). It is not necessary to serve each named partner personally.

Here, notice of the sale was served upon one of the partners. This service was proper. The issue is whether the appellant can now insist on the formal notice. The partner, after perusing the notice, ordered the tax to be paid. He certainly had an immediate connection with the subject to which the notice related. The exercise of reasonable intelligence and inquiry would lead to knowledge that the sale was one for delinquent taxes and the year or years involved. Thus, the evidence is so clear that a hearing on this issue is not necessary. Therefore, I would sustain the result of the trial court.