# DiMaio v. Tax Claim Bureau of Monroe County

*James V. Fareri*, for petitioner.
*James P. Gregor*, for respondents.

O'BRIEN, *J.*, August 29, 1988 —

## FINDINGS OF FACT

(1) On October 19, 1977, petitioner John DiMaio, his wife and son took title to an unimproved parcel of land situated in Coolbaugh Township, Monroe County, Pa. known as Lot no. 2, Block no. 3 on a map of Mushroom Farm. Subsequently, petitioner's wife died and his son conveyed his interest to his father leaving petitioner as sole title holder to this parcel of land.

(2) When the 1981 county, township and school taxes on the property were not paid, the property was scheduled for a tax sale. All statutory notices required concerning the delinquency of the taxes on the property and the notice of the sale were sent by the Monroe County Tax Claim Bureau and received by petitioner.

(3) When the tax sale was held on September 12, 1983, a bid was submitted but payment was not

made for the property. Therefore, the tax claim bureau filed a petition requesting that the subject property, together with other properties which were not sold at the tax sale, be sold at a judicial sale as contemplated by 72 P.S. §5860.610.

(4) A rule was issued by the court upon the petition of the tax claim bureau and notice thereof mailed to an attorney for petitioner. The attorney responded to the notice by requesting further information but did not file an answer to the rule nor pay the taxes due. Thus, the rule was made absolute by order of court on October 28, 1985.

(5) The date of the judicial sale date was duly advertised in the Monroe Legal Reporter and in the Pocono Record.

(6) On December 18, 1985, respondent MaryAnn O. Garvey purchased the subject property at the judicial sale.

(7) On January 27, 1986, petitioner filed a petition with this court "to overturn a tax sale" to which respondent filed an answer.

## DISCUSSION

The notice provisions of the tax sale statute were intended to assure that no one is deprived of property without due process of law. *In re Tax Claim Bureau*, 53 Pa.Commw. 423, 419 A.2d 423 (1980); U.S. Constitution, Amendment 14. It is well-known that the law abhors a forfeiture. Consequently, the notice requirements of a tax sale must be strictly adhered to and, if any notice requirement is defective or lacking, the sale must be voided. *Area Homes Inc. v. Harbucks Inc.*, 75 Pa.Commw. 97, 461 A.2d 357 (1983). Actual notice to landowners is not required, however, the County Tax Claim Bureau must adhere to the enumerated statutory mailing proce-

dures which are designed to give reasonable notice to the landowner. *Casanta v. Clearfield County Tax Claim Bureau*, 62 Pa.Commw. 216, 435 A.2d 681 (1981). In the case at bar it is undisputed that petitioner had notice of the "tax sale." A tax sale should not be set aside where the Tax Claim Bureau complied with the notice requirements of the act, *Kleinberger v. Tax Claim Bureau of Lehigh County*, 64 Pa.Commw. 30, 438 A.2d 1045 (1982), nor where the owner had actual notice of the sale. *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties*, 96 Pa.Commw. 452, 507 A.2d 1294 (1986).

When the tax claim bureau was unsuccessful in selling the subject lot at the tax sale, it then proceeded pursuant to 72 P.S. §5860.610 to petition the court to sell all the unsold lots at a judicial sale. A rule to show cause was issued and it is undisputed by the parties in this proceeding that notice of this rule was received by petitioner through his attorney. Petitioner did not file any answer to the rule and the rule was made absolute. At this point, petitioner lost all legal right to the subject lot and was not entitled to any further notices. Petitioner complains that he was not notified of the actual date of the *judicial sale*. However, there is no statutory provision providing for petitioner to receive actual notice of the *judicial sale* as distinct from the *tax sale*. On the contrary, the act provides as follows:

"The owner shall have no right to purchase his own property at either a judicial sale or a private sale or a private sale conducted under the provisions of this act." 72 P.S. §5860.618

## CONCLUSIONS OF LAW

(1) The Monroe County Tax Claim Bureau complied with the notice requirements of the Real

Estate Tax Sale Law and petitioner had actual notice of the tax sale.

(2) The Monroe County Tax Claim Bureau complied with the provisions of the act concerning disposition of unsold properties at judicial sales and petitioner had actual notice of the rule to show cause why his property should not be sold at a judicial sale.

(3) MaryAnn O. Garvey, purchaser at the judicial sale, has valid title to the subject property free and clear of any claim of petitioner.

### ORDER

And now, August 29, 1988, the rule to show cause issued January 27, 1986 and the petition of John DiMaio to "overturn tax sale" are dismissed, with costs assessed against petitioner.