## Barrett v. County of Northampton

*Ralph J. Bellafatto,* for plaintiffs.

*John J. Bartos,* for defendant County of Northampton.

*Dwight L. Danser,* for defendants Lawrence Marra and Francesca Marra.

FRANCIOSA, *J.*, October 21, 1988 — This is an action to invalidate a tax sale. The property at issue consists of five vacant lots in Forks Township which were sold to Lawrence and Francesca Marra by Northampton County because plaintiffs, George and Nellie Barrett, failed to pay 1983 and 1984 county taxes of approximately $30.

This controversy is the culmination of several irregular events. First, the Barretts moved from their principal residence in Palmer Township to Fort Myers, Florida, in 1981. They advised the Forks Township tax collector of their new address. Prior to 1982 Forks Township had the exclusive responsibility of collecting all school, municipal and county taxes. In 1982, unknown to plaintiffs, Northampton County assumed its own collection of the county taxes.

The plaintiffs' tax bills for 1982 were forwarded to them by the post office. The Barretts paid Forks Township and Northampton County separately for the year 1982 but never noted they were being taxed by two different entities. Plaintiffs did not inform the county of their new address. Mail was not forwarded after 12 months and, consequently, plaintiffs did not receive a county tax bill for 1983 or 1984. They continued to receive and to pay Forks Township school and municipal tax bills.

Northampton County, meanwhile, began delinquent tax sale proceedings in October 1984. Pursuant to the Real Estate Tax Sale Law, 72 P.S. §5860.101 et seq., publication of a pending sale in local newspapers was made. Certified mail containing notice of the pending tax sale was sent to plaintiffs' Palmer Township address. It was returned, marked, "Return to sender — Forward Order Expired." The act also requires that the county post the property conspicuously with notice of the pend-

ing tax sale. Although plaintiffs argued the property was not posted, we see no need to address this point because we find other notice requirements were not satisfied.

We find Northampton County's failure to procure the updated address information from the Forks Township tax collector vitiates the notice requirements of the Real Estate Tax Sale Law and thereby invalidates the tax sale. Admittedly, a taxpayer has the duty and responsibility to notify taxing authorities in the event of a change of address so that the tax claim unit may notify the taxpayer of his liability, any delinquencies and, in the event of nonpayment, imminent sale. *Grace Building Co. v. Clouser,* 5 Pa. Commw. 110, 289 A.2d 525 (1972). In the instant case, plaintiffs notified Forks Township (the *only* unit responsible for tax collection before 1982) of their changed address. This action sufficed to fulfill the plaintiffs' duty.

The county should have been placed on inquiry notice that the Forks Township tax collector had a better address than that of the county because the township taxes for 1983 and 1984 were current. The county was aware of this discrepancy, and found it unusual according to the testimony of Ruth Tiburzi, head of the Tax Claim Unit for Northampton County. Where a better address could have been obtained by inquiry of the tax collector, it was the duty of the tax claim bureau to make such inquiry before exposing the property to delinquent tax sale. *In re Sale of Properties,* 66 D. & C. 2d 712 (1974).

Additionally the county tax claim unit is obligated to check with the post office to ascertain a delinquent taxpayer's current address to determine the addresses to which a tax claim notice is to be sent. *In re Fayette County Tax Claim Bureau,* 32 D. & C. 3d 522 (1984). Testimony by Ted Szdlowski, a Unit-

ed States postal service superintendent, established. that the Barretts' Fort Myers address was on file, and was available to the county.* Under these circumstances the county has the affirmative duty to request this information from the post office.

Defendant Marra argues that because the Barretts had relocated to Englewood, Florida, notice mailed to the Fort Myers address would not have reached plaintiffs. We disagree. The mail forwarding service continues for 12 to 18 months according to Ted Szydlowski. Therefore a notice could feasibly have been forwarded from Fort Myers to Englewood and reached plaintiffs. Had the tax bureau done all that was required by law, mailed its notification, properly addressed to the last known residence of persons liable for paying delinquent taxes, this sale would have been confirmed. *Kleinberger v. Tax Claim Bureau*, 64 Pa. Commw. 30, 438 A.2d 1045 (1982). But, because of the unique circumstance of Northampton County assuming tax collection duties from Forks Township one year after plaintiffs relocated out of this state, the onus of investigating the post office's address files and Forks Township's address files falls on the county, not the plaintiffs.

For the foregoing reasons we hereby invalidate the County of Northampton's tax sale of September 9, 1985.

The Pennsylvania Supreme Court has stated:

"The strict provisions of the real estate tax sale laws were never meant to punish taxpayers who omitted through oversight or error to pay their taxes; rather the law was intended to protect the local government against willful, persistent, long-stand-

---

*Mr. Szydlowski stated he received and cooperates with daily requests from Northampton County to supply forwarding addresses that are expired but kept on file.

ing delinquents for whom the court had little sympathy." See *In re Ross*, 366 Pa. 100, 76 A.2d 749 (1950). And, the Supreme Court reminded the tax collecting authority in *Hess v. Westerwick*, 366 Pa. 90, 76 A.2d 745 (1950), that "the purpose of the tax sale is not to strip the taxpayer of his property but to insure the collection of his taxes." See also *Tracey v. County of Chester*, 507 Pa. 288, 489 A.2d 1334 (1985).

Wherefore, we enter the following

## ORDER

And now, this October 21, 1988, the exceptions and objections of George S. and Nellie V. Barrett are sustained. It is, therefore, ordered, adjudged and decreed as follows:

(1) The tax sale is set aside and title to the subject property is vested in George S. and Nellie V. Barrett, subject to payment by them of the county taxes which exposed the property to sale, and any other taxes remaining unpaid up to the date of this order. Such payment to be made within 45 days.

(2) Upon payment, Northampton County shall refund all sums paid by Lawrence and Francesca Marra, the purchasers at the invalidated tax sale.

(3) In the event George S. and Nellie V. Barrett fail to make the required payments, then a judgment n.o.v. shall be entered in favor of the County of Northampton and Lawrence and Francesca Marra; and, in such event, title in fee simple shall be revested in the Marras retroactive to the date of the tax sale.