## Trower v. Monroe County Tax Claim Bureau

*Joseph S. Wiesmeth,* for petitioner.

*James P. Gregor,* for respondent Monroe County Tax Claim Bureau.

*Gerard J. Geiger,* for respondent Love Home Builders Inc.

O'BRIEN, *J.,* March 30, 1989—

## FINDINGS OF FACT

(1) In the fall of 1978, petitioner, George Trower, purchased by means of an installment sale contract the parcel of land identified as Lot no. 34, section 9 of Sierra View Development in Tunkhannock Township, Monroe County, Pennsylvania. Although a deed was not recorded conveying title to petitioner, the real estate taxes for this parcel of land were separately assessed to petitioner.

(2) Petitioner was delinquent in the payment of taxes for various years on this property including the year 1986.

(3) Petitioner received various notices from the Monroe County Tax Claim Bureau that his taxes were delinquent and made certain payments to the bureau in response to said notices.

(4) On September 12, 1988, respondent Tax Claim Bureau sold petitioner's property to respondent Love Home Builders Inc. because of the non-payment of 1986 taxes.

(5) Petitioner never received actual notice of the 1988 tax sale. There is no record to establish that the Tax Claim Bureau sent notice 30 days prior thereto by certified mail, return receipt requested nor by regular mail at least 10 days prior to the sale.

(6) Petitioner did receive notice that the tax sale had taken place and promptly filed a petition to set aside the sale with this court.

## DISCUSSION

It is a well-known equitable rule that the law abhors a forfeiture. The Real Estate Tax Sale Law, 72 P.S. §5860.101 et. seq. has been the vehicle through which the General Assembly has sought to prevent forfeitures while assuring the regular payment of real property taxes. Indeed the notice provisions of the tax sale statute were intended to assure that no one is deprived of property without due process of law. *In re Tax Claim Bureau,* 53 Pa. Commw. 423, 419 A.2d 423 (1980); U.S. Constitution, Amendment XIV. Consequently, the notice requirements for a tax sale must be strictly adhered to and, if any notice requirement is defective or lacking, the sale must be set aside. *Area Homes Inc. v. Harbucks Inc.,* 75 Pa. Commw. 97, 461 A.2d 357 (1983). Although actual notice to landowners is not required, the county Tax Claim Bureau must adhere to the enumerated statutory mailing procedures which are designed to give a landowner reasonable notice. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commw. 216, 435 A.2d 681 (1981). A tax sale should not be set aside where the Tax Claim Bureau has complied with the notice requirements of the act. *Kleinberger v. Tax Claim Bureau of Lehigh County,* 64 Pa. Commw. 30, 438 A.2d 1045 (1982), nor where the owner had actual

notice of the sale. *In re Tax Claim Bureau of Lehigh County 1981 Upset Tax Sale Properties,* 96 Pa. Commw. 452, 507 A.2d 1294 (1986).

In determining whether the Tax Claim Bureau has complied with notice requirements, we must consider the following pertinent statutory provisions:

"(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

"(1) At least 30 days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner, who failed to acknowledge the first notice by United States first class mail, proof of mailing at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860.602(e)(1)(2).

In the case at bar, it is clear that the Tax Claim Bureau did not comply with the above-quoted statutory provisions. There is no record that notice of the sale was dispatched by certified mail as required nor is there any record of any follow-up notice being sent by regular mail as required. We find petitioner's testimony that he never received notice of the sale to be credible. Therefore, the sale must be set aside.

## CONCLUSIONS OF LAW

(1) The Monroe County Tax Claim Bureau failed to comply with the notice requirements of the Real Estate Tax Sale Law before exposing petitioner's property to sale in 1988

(2) Petitioner, George Trower, had no notice prior to the tax sale occurring.

## ORDER

And now, March 30, 1989, the petition of George Trower to set aside the tax sale of the parcel of land situate in Tunkhannock Township, Monroe County, Pa. known as Lot 34, section 9 of Sierra View Development is granted and it is ordered as follows:

(1) Petitioner shall pay forthwith to the Tax Claim Bureau of Monroe County a sum equal to the price paid by the purchaser at the tax sale as well as the cost of the tax sale. Petitioner shall also furnish evidence to the Tax Claim Bureau that all taxes due and owing on the property are paid and current.

(2) Love Home Builders Inc. shall execute a quit-claim deed in favor of petitioner and deliver said deed to the Tax Claim Bureau upon reimbursement by the bureau of the monies heretofore paid by them to the bureau for this property.

(3) Petitioner shall pay the costs of these proceedings.