## Pennetti v. Tax Claim Bureau of Monroe County

*Randall W. Turano,* for petitioner.

*James P. Gregor,* for Tax Claim Bureau of Monroe County.

*Maryann O. Garvey,* for respondents.

O'BRIEN, *J.,* April 30, 1991—

(1) Petitioner purchased a parcel of land situate in Middle Smithfield Township, Monroe County, Pennsylvania known as Lot 51C on a plan of lots of Cakeout Inc., by deed dated November 13, 1972 and recorded in the office for the Recorder of Deeds in and for Monroe County, Pennsylvania in Deed Book 450, page 121. The property is identified by Tax Code no. 9/4/1/8-32.

(2) After petitioner failed to make payment of real estate taxes for 1987, the Monroe County Tax Claim Bureau scheduled a tax sale of the property for September 11, 1989. Thirty days prior to the sale, the Tax Claim Bureau dispatched a notice of the sale by certified mail, restricted delivery, return receipt requested, postage prepaid to petitioner.

(3) A return receipt was never returned to the Tax Claim Bureau and in fact the notice of sale was not received by petitioner.

(4) Following non-receipt of the return receipt for certified mail, the Tax Claim Bureau did not send a similar notice of the sale by first-class mail to petitioner.

(5) The Tax Claim Bureau did not make any additional notification efforts nor reasonable efforts to discover why the original notice of sale had not been delivered to petitioner.

(6) On September 11, 1989, petitioner's property was sold to respondents Anthony Patten, Frank Ragusa and Bobby H.J. Kim.

## DISCUSSION

It is a well-known equitable rule that the law abhors a forfeiture. The Real Estate Tax Sale Law, 72 P.S.. §5860.101 et. seq., has been the vehicle through which the General Assembly has sought to prevent forfeitures while assuring the regular payment of real property taxes. Indeed the notice provisions of the tax sale statute were intended to assure that no one is deprived of property without due process of law. *In re Tax Claim Bureau,* 53 Pa. Commw. 423, 419 A.2d 423 (1980); U.S. Const., amend. 14. Consequently, the notice requirements for a tax sale must be strictly adhered to and, if any notice requirement is defective or lacking, the sale must be set aside. *Area Homes Inc. v. Harbucks, Inc.,* 75 Pa. Commw. 97, 461 A.2d 357 (1983). Although actual notice to landowners is not required, the county tax claim bureau must adhere to the enumerated statutory mailing procedures which are designed to give a landowner reasonable notice. *Casanta v. Clearfield County Tax Claim Bureau,* 62 Pa. Commw. 216, 435 A.2d 681 (1981).

The Real Estate Tax Sale Law provides in pertinent part as follows:

"(1) At least 30 days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

"(2) If return receipt is not received from each owner pursuant to the provision of clause (1), then, at least 10 days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the knowledge and information possessed by the bureau, by the tax collector for the taxing district making the

return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office." 72 P.S. §5860.602(e).

"(a) When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or confirmed, the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him." 72 P.S. §5860.607a.

## CONCLUSIONS OF LAW

(1) The Tax Claim Bureau failed to comply with the provisions of 72 P.S. 5860.602(e)(2) and with the provisions of 72 P.S. 5860.607a before exposing petitioner's property to tax sale.

(2) The Tax Claim Bureau having failed to comply with the above statutory provisions, the tax sale must be set aside. *Tracey v. County of Chester*, 507 Pa. 288, 489 A.2d 1334 (1985).

## ORDER

And now, April 30, 1991, the petition of Joseph Pennetti to set aside the tax sale of the parcel of land situate in Middle Smithfield Township, Monroe County, Pennsylvania identified as Lot 51C and Tax Parcel no. 9/4/1/8-32 is granted and it is ordered as follows:

(1) Petitioner shall pay forthwith to the Tax Claim Bureau of Monroe County a sum equal to the price paid by the purchaser at the sale as well as the costs of the tax sale. Petitioner shall also furnish evidence to the Tax Claim Bureau that all taxes due and owing on the property are paid and current.

(2) Anthony Patten, Frank Ragusa and Bobby H.J. Kim shall execute a quitclaim deed in favor of petitioner and deliver said deed to the Tax Claim Bureau upon reimbursement by the bureau of the monies heretofore paid by them to the bureau for this property.

(3) Petitioner shall pay the costs of these proceedings.