## Michener v. Montgomery County Tax Claim Bureau

*Charles J. King,* for plaintiff.

*Richard M. Connelly,* for defendant Montgomery County Tax Claim Bureau.

*Alfred O. Breinig Jr.,* for defendant Mallard Park Inc.

SALUS, *J.,* October 11, 1994—This appeal is made in response to the court's order of July 6, 1994, granting plaintiff's petition to set aside sale. Defendant asserts that because plaintiff failed to support his petition by testimony or depositions, as required by Montgomery County Rule of Civil Procedure 209*(c), defendant's answers to plaintiff's petition must be deemed admitted by plaintiff, and thus plaintiff had no entitlement to notice of the tax sale of September 24, 1992.

On September 24, 1992, the Montgomery County Tax Claim Bureau sold the real estate located at 756 Haws Avenue, Norristown, Pennsylvania, to Mallard Park Inc., defendant, at a tax sale due to nonpayment of real estate taxes on the property for the years 1989 to 1991. The registered owner of the property at the time of the tax sale was Margaret E. Quinn. Margaret E. Quinn however, had died in March of 1986, devising her entire estate, including the Haws Avenue property, to William H. Michener Jr., plaintiff. The Montgomery County Register of Wills granted letters testamentary on the estate that same year.

One year prior to the tax sale in question, in September of 1991, the same property had also been listed for a tax sale. Plaintiff learned of this listing, and sent a letter through his attorney to the Montgomery County Tax Claim Bureau stating that Margaret E. Quinn had died and devised the property to him, and that the notice of the sale given by the Tax Claim Bureau had thus

been ineffective. The Tax Claim Bureau then withdrew the property from the 1991 sale.

The next year, the Tax Claim Bureau again listed the property for sale for delinquent tax payments. Again, all notices of the sale were addressed to Margaret E. Quinn. The certified notice of claim was returned unclaimed in April of 1992, and a tax sale notice was posted on the property and served on someone in July of that year. The sale of the property to defendant then took place on September 24. The plaintiff was never given notice of the impending sale, and upon learning of the sale filed his objection to tax upset sale, also denominated as petition to set aside sale.

The Pennsylvania Real Estate Tax Sale Law places substantial notification requirements upon the Tax Claim Bureau. The notice provisions of the tax law must be strictly complied with to guard against deprivation of property without due process of law. *Kleinberger v. Tax Claim Bureau of Lehigh County*, 64 Pa. Commw. 30, 35, 438 A.2d 1045, 1047-48 (1982). Section 602 of the tax law imposes notification requirements on the Tax Claim Bureau in the form of notice by publication, certified mail and posting on the property. 72 P.S. §5860.602. Section 607.1 further provides, in pertinent part:

"When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification by the named addressee or is not returned or acknowledged at all,

then, before the tax sale can be conducted or confirmed, the bureau must exercise *reasonable efforts* to discover the whereabouts of such person or entity and notify him." 72 P.S. §5860.607a. (emphasis added)

The burden is upon the Tax Claim Bureau to prove compliance with the notice provisions of the statute. *Geier v. Tax Claim Bureau of Schuylkill County,* 131 Pa. Commw. 321, 325, 570 A.2d 134, 136 (1990), *aff'd,* 527 Pa. 41, 588 A.2d 480 (1991).

There is little question that the Tax Claim Bureau has failed to demonstrate compliance with the notice provisions of the tax law. The certified notice of claim was returned unclaimed. The Tax Claim Bureau's efforts to obtain personal service of Margaret E. Quinn were, quite obviously, unsuccessful. Thus aware of the ineffectiveness of its efforts to notify Margaret E. Quinn, the tax law required that the Tax Claim Bureau exercise reasonable efforts to discover her whereabouts. Clearly, the Tax Claim Bureau undertook no such efforts. Had the Tax Claim Bureau checked its own files or contacted the register of wills, it would have learned that Margaret E. Quinn was deceased and that the plaintiff was her successor in interest. The Tax Claim Bureau's failure to investigate its own files, which would contain the September 1991 letter from plaintiff's attorney explaining the situation, plainly constitutes a violation of the "reasonable efforts" provision of the tax law. See *In re Tax Claim Bureau of Beaver County Tax Sale September 10, 1990,* 143 Pa. Commw. 659, 667, 600 A.2d 650, 654 (1991). Because the Tax Claim Bureau violated the requirements of 72 P.S. §5860.607a, the court granted plaintiff's petition to set aside the tax sale.

Defendant complains that plaintiff committed a procedural error under Montgomery County Rule of Civil Procedure 209*(c), and that as a result of such error

plaintiff must be deemed to admit to defendant's answers to plaintiff's petition. This being the case, argues defendant, plaintiff is deemed to admit that he is not the owner of the property, that he was not entitled to receive notice, and that the Tax Claim Bureau satisfied the notification requirements of the tax law. Because defendant's argument misses the real issue of the case, it can be quickly dispatched.

Defendant is correct in its general statement that Montgomery County Rule of Civil Procedure 209*(c) mandates that where a petitioner makes a factual averment in a petition that is denied in the defendant's answer, the denial will be deemed admitted unless petitioner supports his petition by testimony or by timely depositions. Montg. Co. R.C.P. 209*(c). Regardless of the application of Rule 209*(c), however, defendant cannot escape the fact that the Tax Claim Bureau failed to exercise reasonable efforts after it had learned that Margaret E. Quinn had not received notice. In paragraphs five and six of his petition, plaintiff averred that the Tax Claim Bureau attempted to provide notice to Margaret E. Quinn, and that Margaret E. Quinn had died in 1986. *Objection to Tax Upset Sale of September 23 [sic] 1992.* Defendant admitted to both averments in its answer. *Answer of Mallard Park Inc. to Objections to Sale No. 13-152.* Thus, even if plaintiff is deemed to admit to defendant's answers under Rule 209*(c), cause still exists to set aside the tax sale: Margaret E. Quinn died in 1986, the Tax Claim Bureau's attempted notification to Margaret E. Quinn via certified mail was returned unclaimed, and yet the Tax Claim Bureau still did not exercise reasonable efforts when it learned that she had not received the prescribed notice.

Similarly, there is no need to determine plaintiff's status as an owner of the property. Regardless of whether

274

plaintiff is deemed an owner, the Tax Claim Bureau violated 72 P.S. §5860.607a by not exercising reasonable efforts after it learned that the addressee of its notice by certified mail, Margaret E. Quinn, had not received the notice. This alone constitutes a violation of the statute, and served as grounds to set aside the tax sale.

For the foregoing reasons, the order of this court should be affirmed.